3:25-mj-00323

DISTRICT OF OREGON, ss:          AFFIDAVIT OF STEPHANIE O'NEAL

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Stephanie O'Neal, being duly sworn, do hereby depose and state as follows:

**<u>Introduction and Agent Background</u>**

1.      I am employed as a Special Agent (SA) with the Federal Protective Service (FPS) and have been employed by FPS since 2016.  I have participated in several investigations relating to the protection of federal facilities and personnel.  I am currently assigned to Region 10 in Portland, Oregon as a general crimes criminal investigator and a part-time Task Force Officer (TFO) at the Federal Bureau of Investigation (FBI), Portland Division.  I was previously a Captain with the Department of the Army (DA) Police force serving as a Special Reaction Team (SRT) Commander, Traffic Accident Investigator, and Military Police Investigator from 2004 to 2016.  I am a veteran of the United States Army serving as a Military Police Officer from 2001 to 2012.  I graduated from the Federal Law Enforcement Training Center (FLETC) Police Academy and Advanced Academy in 2016, and the FLETC Criminal Investigations and Advanced Investigations Academy in 2022.  I obtained a Bachelor of Science degree in Criminal Justice from Mount Olive College in 2012. I obtained my Master of Public Administration and Master of Homeland Security degrees from The Pennsylvania State University in 2014. As a result of training and experience as an FPS Special Agent, I am familiar with Federal laws and the application of such laws.

2.      I submit this affidavit in support of a criminal complaint and arrest warrant for **Melanie Breeanne RIVAS**, for Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1). As set forth below, I have probable cause to believe that RIVAS committed the crime of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1).

3.      The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a complaint and an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

### Applicable Law

4.      18 U.S.C. § 111(a)(1) makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties, and any person assisting such an officer or employee in the performance of official duties. Under § 111(a), simple assault is a misdemeanor, but where the assaultive acts involve physical contact with the victim, the offense is a felony punishable by imprisonment up to 8 years. Assaulting a federal officer which results in bodily injury is punishable by up to 20 years imprisonment. The statute does not define "bodily injury" however 18 U.S.C. § 1365(h)(4) has been interpreted to define bodily injury to mean: (A) a cut, abrasion, or bruise, (B) physical pain, or (C) any other injury to the body, no matter how temporary.

**Page 2 – Affidavit of Special Agent**
**Stephanie O'Neal**

**Statement of Probable Cause**

5.    On October 29, 2025, at approximately 11:09 am., I received a call from Department of Homeland Security – Federal Protective Service Supervisory Special Agent Stephen Douglas that an individual had punched Federal Protective Service (FPS) Officer ████ ████ in the face while Officer ████ was conducting a criminal vehicle stop under Oregon Revised Statute (ORS) 811.140 - Reckless Driving, a class A misdemeanor.

6.    On October 29, 2025 at approximately 3:00 pm, I interviewed Officer Robert ████ who stated he was on duty driving towards downtown Portland, Oregon, in his fully marked federal police patrol vehicle. The vehicle is clearly marked with Federal Protective Service insignia and equipped with lights and siren, which were operable. Officer ████ was operating his vehicle within the right lane, west-bound, on SE Sunnyside Road, approaching SE 152nd Avenue in Clackamas, Oregon, and traveling at or near speeds of 35 mph. Near the intersection of SE Sunnyside Road and SE 152nd Avenue, Officer ████ observed a gray sedan pull up beside him on his left (driver-side) and begin to repeatedly jerk her vehicle towards him, as if she was preparing to ram his vehicle. Startled by this behavior, Officer ████ then observed the driver of the sedan present their middle finger and observed the sedan increase speed until the rear of their vehicle was just beyond the front of his. Without signaling, the driver jerked the sedan into the right lane and slammed the brakes, cutting off Officer ████ and causing him to rapidly apply his brakes hard to avoid a collision with the sedan. Officer ████ called in the license plate of the vehicle (ORPBVBZ) to Denver Mega Center (Dispatch) and the license plate returned as registered to Melanie RIVAS and another individual with the same last name at an address in Happy Valley, Oregon.

**Page 3 – Affidavit of Special Agent Stephanie O'Neal**

7.      Officer ████ noticed all other vehicles on the roadway were slowing down behind him and the sedan.  As Officer ████ continued to drive, the driver slammed on the brakes four or five more times over the course of an estimated 4.8 miles. Because the sedan kept braking in front of Officer ████ both vehicles slowed from approximately 45 mph to 25 mph. Officer ████ kept hitting his brakes to avoid running into the back of the sedan.  Officer ████ changed lanes from the right lane to the left lane to avoid the sedan, disengage, and deescalate. The sedan reacted by repositioning from the left lane to the right lane, back in front of the patrol vehicle and brake sharply**.** Officer ████ then called his supervisor on his cell phone to report the incident and make notification that he was prepared to conduct a criminal vehicle stop for reckless driving (ORS 811.140).

8.      Instead of continuing to travel onto I-205, his intended direction of travel, and risk an accident on the freeway because of the reckless manner in which RIVAS was operating her vehicle, Officer ████ elected to initiate a traffic stop near SE Sunnybrook Blvd, near exit 12A on I-205. Officer ████ informed Dispatch he was conducting a criminal vehicle stop and requested local police assistance from Clackamas County through Dispatch. Dispatch advised Officer ████ there was no Deputy available to assist with the vehicle stop but Oregon State Police would be responding as backup.

9.      At approximately 10:15 am, Officer ████ activated his emergency lights and conducted a criminal vehicle stop for a violation of ORS 811.140, reckless driving (Class A Misdemeanor). Officer ████ observed the driver pull off the road and onto the shoulder and throw both hands in air while in the driver's seat. Instead of exciting his vehicle, Officer ████ used the PA in his vehicle and said, "Roll down your window" and the driver rolled down the window. Officer ████ used the PA again and said, "Turn off your engine" and the driver turned

**Page 4 – Affidavit of Special Agent
Stephanie O'Neal**

off the engine.  Officer ███ then exited his vehicle and approached the sedan on the driver's

side. As he approached, Officer ███ saw the driver sitting with her left arm and shoulder

leaning on the inside of the car door and her right arm across her body, turned and hanging

outside the window.  The driver, who was later identified as RIVAS, stated, "Why are you

pulling me over?" Officer ███ stated, "Ma'am, that's reckless driving. You need to step out of

the vehicle."  RIVAS stated, "Nope. I'm not doing it. I am a lawyer and need to be in court."

Officer ███ told RIVAS again "You need to step out of the vehicle, or I'll pull you out."

Officer ███ observed RIVAS start to grab items on the passenger seat and between the

driver's seat and the console area. Officer ███ said to RIVAS, "Stop reaching for stuff and get

out of the vehicle." RIVAS continued to grab items to include her cell phone and her vehicle

keys and then stepped out of her car with both the cell phone and keys in her hands. While

stepping out of the vehicle, Officer ███ noticed the red "hang up" button was displayed on the

screen of her cell phone.

    10.     Officer ███ told RIVAS to step to the rear of the vehicle and off the side of the

road on the shoulder.  RIVAS moved to the shoulder, and Officer ███ instructed RIVAS to

put her phone and keys on the trunk of her vehicle. RIVAS stated, "No" and Officer ███

grabbed her right wrist to try to place her in handcuffs.  RIVAS pulled her arm back with enough

force to release from his grip and said, "Nope! Not happening today!"  Officer ███ then saw a

closed fist coming towards his face and felt RIVAS' fist punch the left side of his face near his

left eye.  The force of RIVAS' closed fisted punch caused Officer ███ sunglasses to fly off

his face and caused his internal radio earpiece to become dislodged from his inner ear and fall to

the side of his body.  RIVAS' cell phone flew towards the passenger front door of her sedan and

her keys fell to the ground near where she was standing when she punched Officer ███.

**Page 5 – Affidavit of Special Agent**
**Stephanie O'Neal**

Officer ███ stated the area around his left eye and his cheek immediately became warm and numb and the vision in his left eye became immediately blurry.  Officer ███ also thought he had been cut by his sunglasses near his left eye.

     11.    Officer ███ then grabbed her wrist again and RIVAS spun around, facing Officer ███.  On her own, RIVAS dove to the ground onto her right side and began rolling back and forth on the ground, flipping from her front to her back.  RIVAS stated, "You threw me on the ground."  Officer ███ stated "No, I didn't. You threw yourself on the ground."  On RIVAS'S second flip, Officer ███ kneeled, grabbed RIVAS arm and told RIVAS to put her hands behind her back.  RIVAS was yelling towards the area where her cell phone landed, shouting "You have my location. You have my location." Officer ███ cuffed RIVAS and tried to assist her up to a standing position. RIVAS pulled her body away from Officer ███ and he backed away from her while she lay on her stomach. RIVAS then flipped to her back, while handcuffed.

     12.    Officer ███ then put his earpiece that had dislodged from his ear and made a second attempt to help RIVAS to her feet.  RIVAS allowed Officer ███ to assist her to her feet and Officer ███ walked her to the front passenger side of his patrol vehicle.

     13.    Oregon State Police arrived on scene and provided overwatch of RIVAS while Officer ███ collected RIVAS' cell phone, keys, and his sunglasses. The force of RIVAS' closed fist punch caused the sunglass to have flown several feet away on the shoulder of the road towards the rear of the patrol vehicle. Officer ███ then conducted a search incident to arrest for hidden weapons or means of escape of RIVAS and found no items during the search. Officer ███ placed RIVAS in the rear of his patrol vehicle and fastened her seatbelt.

**Page 6 – Affidavit of Special Agent**
**Stephanie O'Neal**

14.     American Medical Response (AMR) responded to the scene and transported RIVAS to Providence Willamette Falls Medical Center Emergency Room.  Officer ███ was also seen at the same emergency room and was diagnosed with a mild contusion of the lower eyelid on the left side and released. Officer ███ face was swollen, puffy, and red from the closed fist punch. Officer ███ was instructed to follow up with an ophthalmologist if the condition worsens. Officer ███ stated his vision is still blurring as of 4:00 pm.

## Conclusion

15.     Based on the foregoing, I have probable cause to believe, and I do believe, that Melanie Breeanne RIVAS committed the crime of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1). I therefore request that the Court issue a criminal complaint and arrest warrant for Melanie Breeanne RIVAS.

16.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney and the AUSA advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed R. Crim. P. 4.1*
Stephanie O'Neal
Special Agent
U.S. Department of Homeland Security
Federal Protective Service (FPS)

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at ___9:50 a.m.___ on October 30, 2025.

_____
HONORABLE STACIE F. BECKERMAN
United States Magistrate Judge

**Page 7 – Affidavit of Special Agent Stephanie O'Neal**